**FILED - GR**
May 30, 2008 3:43 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _____/_ALD

UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anthony Windle and Rebecca Windle

    Plaintiffs,

v

Holiday Village of Scottville, Inc., a Michigan corporation, Alice B. Fitch, Ray Griffin, Jr., and Timothy Griffin,

    Defendants

Civil Action No. **1:08-cv-511**

Honorable **Janet T. Neff
U.S. District Judge**

---

| | |
|---|---|
| Brian J. Monton (P70837)<br>Thompson, Thompson & Glanville, PLC<br>Attorneys for Plaintiffs<br>111 E. Court Street<br>P.O. Box 609<br>Ludington, MI 49431-0609<br>(231) 843-8579 | Daniel J. Martin (P67848)<br>William J. Perrone (P27591)<br>Dykema Gossett PLLC<br>Attorneys for Defendants Holiday Village of Scottville, Inc. and Alice B. Fitch<br>300 Ottawa Avenue N.W., Suite 700<br>Grand Rapids, MI 49503<br>(616) 776-7500 |

### DEFENDANTS HOLIDAY VILLAGE OF SCOTTVILLE, INC. AND ALICE B. FITCH'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants Holiday Village of Scottville, Inc. ("Holiday Village") and Alice B. Fitch ("Fitch") answer Plaintiffs' Complaint as follows:

### Jurisdiction And Venue

1. This Circuit Court has jurisdiction of this civil case brought under the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 et seq., without respect to the amount of damages.

**ANSWER:** Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 1 because they state legal conclusions. Defendants Holiday Village and Fitch further answer that the United States District Court for the Western District of Michigan has jurisdiction over this action pursuant to 28

U.S.C. §§ 1441(b) & 1367(a).

2.    Plaintiffs are husband and wife and reside in Mason County.

**ANSWER:    Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 2 because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.**

3.    Defendant, Holiday Village of Scottville, Inc., is a Michigan corporation whose registered office address is 1707 W. U.S. 10, Scottville, Mason County, Michigan 49454 and whose principal place of business is located in Mason County. Holiday Village of Scottville, Inc., owns and operates the mobile home park known as Holiday Village located in Scottville, Michigan.

**ANSWER:    Defendants Holiday Village and Fitch admit that Holiday Village is a Michigan corporation whose principal place of business is located in Mason County but state that its registered office is 1701 W. U.S. 10, Scottville, Michigan, not 1707 W. U.S. 10, Scottville, Michigan. Defendants Holiday Village and Fitch admit that Holiday Village of Scottville, Inc. owns and operates the mobile home park known as Holiday Village located in Scottville, Michigan.**

4.    Upon information and belief, Defendant, Alice B. Fitch, an individual, is the Secretary, Treasurer, and Park Manager of Defendant, Holiday Village of Scottville, Inc. and resides in Mason County.

**ANSWER:    Defendants Holiday Village and Fitch admit that Alice B. Fitch is the Secretary and Treasurer of Holiday Village of Scottville, Inc. and that her duties as an officer of Holiday Village of Scottville, Inc. include management of the mobile home park. Defendants Holiday Village and Fitch deny that Fitch resides in Mason County.**

5.    Defendants, Ray Griffin, Jr. and Timothy Griffin, are individuals who reside in Mason County.

**ANSWER:    Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 5 because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.**

6.    Ray Griffin, Jr. and Timothy Griffin are or have been employed by Holiday

Village of Scottville, Inc. to perform landscaping and other miscellaneous activities in Holiday Village and are paid in cash for such services.

**ANSWER: Defendants Holiday Village and Fitch deny as untrue the allegations of Paragraph 6. Defendants Holiday Village and Fitch further answer that Ray Griffin Jr. (a/k/a Ray Griffin III) and Timothy Griffin, who are both sons of tenant Ray Griffin, have never been employees of Holiday Village. Defendant Holiday Village contracted with Ray Griffin Jr. (a/k/a Ray Griffin III) and Timothy Griffin to perform certain projects. Ray Griffin Jr. (a/k/a Ray Griffin III) and Timothy Griffin were paid for the projects by check. The last occasion on which Ray Griffin Jr. (a/k/a Ray Griffin III) and Timothy Griffin performed contract work for Holiday Village was on or around January 7, 2008.**

7. This cause of action arose in Mason County.

**ANSWER: Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 7 because they state legal conclusions.**

8. This cause of action involves real property located in Mason County.

**ANSWER: Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 8 because they state legal conclusions.**

9. Venue is proper in Mason County.

**ANSWER: Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 9 because they state legal conclusions. Defendants Holiday Village and Fitch further answer that venue is proper in the United States District Court for the Western District of Michigan.**

## Fact Allegations

10. Plaintiffs hereby incorporate by reference Paragraphs 1 through 9.

**ANSWER: Defendants Holiday Village and Fitch incorporate herein by reference their Answers to the allegations of Paragraphs 1 through 9.**

11. Plaintiff Anthony Windle is African-American.

**ANSWER: Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 11 because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.**

12. Holiday Village of Scottville, Inc. owns the mobile home park known as Holiday

3

Village, which is located at 1701 W. U.S. 10, Scottville, MI 49454.

**ANSWER:** **Defendants Holiday Village and Fitch admit the allegations of Paragraph 12.**

13. Plaintiffs own a mobile home, rent a lot, and reside in Holiday Village of Scottville, Inc.'s mobile home park. See Lease Agreement attached as Exhibit 1.

**ANSWER:** **Defendants Holiday Village and Fitch admit that Plaintiffs have rented a lot and reside in Holiday Village of Scottville, Inc.'s mobile home park. Defendants Holiday Village and Fitch deny that Plaintiffs own the mobile home that they reside in at Holiday Village. Upon information and belief, the mobile home in which Plaintiffs reside is owned by Ronald E. and Jeannette A Thornburgh.**

14. Defendants Ray Griffin, Jr. and Timothy Griffin reside or have resided in a mobile home located on the lot adjoining Plaintiffs' lot.

**ANSWER:** **Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 14 because they lack knowledge or information sufficient to form a belief as to the truth of those allegations. Defendants Holiday Village and Fitch further answer that Ray Griffin, the father of Ray Griffin Jr. (a/k/a Ray Griffin III) and Timothy Griffin, rents a lot at Holiday Village of Scottville, Inc. that is located on the lot adjoining the lot that Plaintiffs are renting.**

15. Since August 2007, Plaintiffs have been trying to sell their mobile home and move to another location.

**ANSWER:** **Defendants Holiday Village and Fitch deny that Plaintiffs own the mobile home that they reside in at Holiday Village. Defendants Holiday Village and Fitch neither admit nor deny the remaining allegations of Paragraph 15 because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.**

16. In September 2007, Plaintiffs accepted an offer from Ryan and Mandy Roberts to purchase Plaintiffs' mobile home for Twenty-Two Thousand Five Hundred Dollars ($22,500.00). Ryan and Mandy Roberts also offered to sign the lease for the lot and pay rent three months in advance.

**ANSWER:** **Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 16 because they lack knowledge or information sufficient to**

4

form a belief as to the truth of those allegations. Defendants Holiday Village and Fitch deny as untrue that a Ryan and/or Mandy Roberts made an offer to Defendant Holiday Village and/or Defendant Fitch to sign a lease. Defendants Holiday Village and Fitch further answer that Plaintiffs are not the owners of the mobile home that they reside in at Holiday Village. Defendants Holiday Village and Fitch further answer that the first time they learned of alleged potential buyers Ryan and Mandy Roberts was upon reviewing the Complaint.

17. When Plaintiff Anthony Windle informed Alice B. Fitch that Ryan and Mandy Roberts were African American, she refused to permit the sale of Plaintiffs' mobile home to Ryan and Mandy Roberts and refused to rent the lot to them based on their race.

**ANSWER:** Defendants Holiday Village and Fitch deny as untrue the allegations in Paragraph 17. Defendants Holiday Village and Fitch further answer that the first time they learned of alleged potential buyers Ryan and Mandy Roberts was upon reviewing the Complaint. Defendants Holiday Village and Fitch further answer that Plaintiffs do not own the mobile home that they reside in at Holiday Village.

18. Ryan and Mandy Roberts subsequently purchased another home, and Plaintiffs have not been able to sell their mobile home to another party.

**ANSWER:** Defendants Holiday Village and Fitch deny that Plaintiffs own the mobile home that they reside in at Holiday Village. Defendants Holiday Village and Fitch neither admit nor deny the remaining allegations in Paragraph 18 because they because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.

19. After the attempted sale to Ryan and Mandy Roberts, Alice Fitch raised Plaintiffs' lot rent in retaliation from $197.00 to $205.00. Further, Plaintiffs pay higher rent than other residents of Holiday Village for similarly situated lots.

**ANSWER:** Defendants deny that Plaintiffs pay higher rent than other residents of Holiday Village for similarly situated lots. Defendants Holiday Village and Fitch admit that Plaintiffs' rent was increased $8.00 per month. The $8.00 increase was a uniform rent increase applied to all lot rentals at Holiday Village. Defendants Holiday Village and Fitch further answer that the first time they learned of alleged potential buyers Ryan and Mandy Roberts was upon reviewing the Complaint. Defendants Holiday Village and Fitch deny raising Plaintiffs' rent in retaliation to an alleged attempted sale to a Ryan and Mandy Roberts.

20. When Defendants Ray Griffin, Jr. and Timothy Griffin learned that Plaintiff Anthony Windle was African American, Plaintiff Anthony Windle and his five year-old son, Jayden Windle, have been subjected to harassment, vandalism, and assaults perpetuated by Ray Griffin, Jr., and Timothy Griffin.

**ANSWER:** **Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 20 because they lack knowledge or information sufficient to form a belief as to the truth of those allegations. Defendants Holiday Village and Fitch further answer that their receipt of the Complaint was the first time they received notice of any alleged race-based harassment, vandalism, or assaults.**

21. Ray Griffin, Jr. and Timothy Griffin have repeatedly directed racially motivated taunts toward Plaintiffs, including referring to them as "niggers" among other racial slurs.

**ANSWER:** **Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 21 because they lack knowledge or information sufficient to form a belief as to the truth of those allegations. Defendant Holiday Village and Fitch further answer that their receipt of the Complaint was the first time they received notice of any alleged racially motivated taunts towards Plaintiffs.**

22. On February 26, 2008, Ray Griffin, Jr. and Timothy Griffin assaulted Anthony Windle with shovels and directed various racial slurs at him.

**ANSWER:** **Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 22 because they lack knowledge or information sufficient to form a belief as to the truth of those allegations. Defendant Holiday Village and Fitch further answer that their receipt of the Complaint was the first time they received notice of any alleged racially motivated taunts towards Plaintiffs.**

23. On or about February 26, 2008, Plaintiffs' cat went missing. Anthony Windle asked Ray Griffin, Jr. and Timothy Griffin if they had seen the cat. Ray Griffin, Jr. and Timothy Griffin laughed at Anthony Windle and taunted his five year-old son, Jayden Windle, regarding the disappearance of his cat. On March 16, 2008, fur and other pieces of the cat were discovered on Plaintiffs' deck.

**ANSWER:** **Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 23 because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.**

24. On or about March 9, 2008, Ray Griffin, Jr. and Timothy Griffin vandalized Plaintiffs' car; they drew a Nazi swastika and wrote "die stupid nigger" on the rear bumper. Ray Griffin, Jr. and Timothy Griffin also kicked in the rear bumper of Plaintiffs' car.

**ANSWER:** **Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 24 because they lack knowledge or information sufficient to form a belief as to the truth of those allegations. Defendant Holiday Village and Fitch further answer that their receipt of the Complaint was the first time they received notice of the conduct alleged in Paragraph 24.**

25. Anthony Windle informed Alice Fitch of the racial harassment that had been perpetrated on Plaintiffs by her employees, Ray Griffin, Jr. and Timothy Griffin, as well as other residents of the mobile home park, and she has either sanctioned this conduct in hope of forcing Plaintiffs to move and/or failed in her duty as Park Manager to stop it.

**ANSWER:** **Defendants Holiday Village and Fitch deny as untrue the allegations in Paragraph 25.**

26. As a proximate result of Defendants' conduct:

   a. Plaintiffs were denied the opportunity to find alternative housing at a location where they would not be subject to racial discrimination and harassment;

   b. Plaintiffs lost the money they would have received in the sale of their mobile home as they are still unable to sell it;

   c. Plaintiffs incurred increased lot rent;

   d. Plaintiffs experienced frustration, humiliation, embarrassment, severe mental and emotional distress, and a deprivation of their right to housing on an equal basis with other persons regardless of race. Anthony Windle is a combat veteran of the United Stated (sic – "States") Army and suffers from post-traumatic stress disorder (PTSD). These events have aggravated his PTSD symptoms. Jayden Windle suffers from nightmares and is too frightened to leave the house as a result of the events described above; and

  e. These losses and injuries may continue in the future.

**ANSWER: Defendants Holiday Village and Fitch deny that Plaintiffs suffered any harm as a proximate result of Defendant Holiday Village and/or Defendant Fitch's conduct.**

  **a. Defendants Holiday Village and Fitch deny as untrue the allegations of Paragraph 26(a).**

  **b. Defendants Holiday Village and Fitch deny as untrue the allegations of Paragraph 26(b). Defendants Holiday Village and Fitch further answer that Plaintiffs do not own the mobile home that they reside in at Holiday Village.**

  **c. Defendants Holiday Village and Fitch admit that Plaintiffs' rent increased by $8.00 per month. Defendants Holiday Village and Fitch further answer that the $8.00 increase was a uniform rent increase applied to all lot rentals at Holiday Village. Defendants Holiday Village and Fitch further answer that the first time they learned of alleged potential buyers Ryan and Mandy Roberts was upon reviewing the Complaint. Defendants Holiday Village and Fitch deny raising Plaintiffs' rent in retaliation to an alleged attempted sale to a Ryan and Mandy Roberts.**

  **d. Defendants Holiday Village and Fitch deny that their conduct was a proximate cause of any damages to Plaintiffs. Defendants Holiday Village and Fitch neither admit nor deny the remaining allegations of Paragraph 26(d) because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.**

  **e. Defendants Holiday Village and Fitch deny that their conduct was a proximate cause of any damages to Plaintiffs. Defendants Holiday Village and Fitch neither admit nor deny the remaining allegations of Paragraph 26(e) because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.**

### Count I – Violation of the Elliott-Larsen Civil Rights Act as Against Holiday Village of Scottville, Inc., and Alice Fitch

27. Plaintiffs hereby incorporate by reference Paragraphs 1-28 (sic – "1-26").

**ANSWER: Defendants Holiday Village and Fitch incorporate herein by reference their Answers to the allegations of Paragraphs 1 through 26.**

28. Defendants owed a duty to Plaintiffs to comply with the ELCRA, MCL 37.2102(1).

ANSWER: **Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 28 because they state legal conclusions.**

29. Defendants violated their duties under the Act by refusing to engage in a real estate transaction with Plaintiffs and their qualified buyers, Ryan and Mandy Roberts.

ANSWER: **Defendants Holiday Village and Fitch deny as untrue that they violated MCL 37.2102(1). Defendants Holiday Village and Fitch deny as untrue that they refused to engage in a real estate transaction with Plaintiffs and their qualified buyers, Ryan and Mandy Roberts. Defendants Holiday Village and Fitch further answer that the first time they learned of alleged potential buyers Ryan and Mandy Roberts was upon reviewing the Complaint.**

30. Defendants refusal to engage in the real estate transaction was based on race.

ANSWER: **Defendants deny as untrue that they refused to engage in a real estate transaction with Plaintiffs and Ryan and Mandy Roberts. Defendants Holiday Village and Fitch further answer that the first time they learned of alleged potential buyers Ryan and Mandy Roberts was upon reviewing the Complaint. Defendants Holiday Village and Fitch deny as untrue the remaining allegations in Paragraph 30.**

31. Defendants' violation caused Plaintiffs the above damages under the ELCRA because Plaintiffs are still unable to sell their mobile home and move out of Holiday Village.

ANSWER: **Defendants Holiday Village and Fitch deny as untrue the allegations in Paragraph 31.**

### Count II – Violation of the Fair Housing Act as Against All Defendants

32. Plaintiffs hereby incorporate by reference Paragraphs 1-33 (sic – "1-31").

ANSWER: **Defendants Holiday Village and Fitch incorporate herein by reference their Answers to the allegations of Paragraphs 1 through 31.**

33. Defendants' acts, including those through its agents, as described herein, violate the Fair Housing Act, as amended, 42 USC 3604.

ANSWER: **Defendants Holiday Village and Fitch deny as untrue the allegation that they violated 42 U.S.C. §3604. Defendants Holiday Village and Fitch further answer that Defendant Timothy Griffin and Defendant Ray Griffin Jr. (a/k/a Ray Griffin III) are not, and never have been, agents of Defendant Holiday Village or Defendant Fitch. Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 33 with respect to any other**

9

**Defendants because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.**

34. Defendants' acts, as described above, constitute a refusal to sell, rent, or negotiate for the sale of housing and made a housing transaction unavailable on the basis of race and/or color in violation of 42 USC 3604.

**ANSWER: Defendants Holiday Village and Fitch deny as untrue the allegation that they engaged in conduct that constitutes a refusal to sell, rent, or negotiate for the sale of housing and/or made a housing transaction unavailable on the basis of race and/or color in violation of 42 U.S.C. §3604. Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 33 with respect to any other Defendants because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.**

### Count III – Violation of the Civil Rights Act of 1966 as Against All Defendants

35. Plaintiffs incorporate by reference Paragraphs 1 through 36 (sic – "1 through 34").

**ANSWER: Defendants Holiday Village and Fitch incorporate herein by reference their Answers to the allegations of Paragraphs 1 through 34.**

36. Defendant's acts, including those of their agents, as described herein, violate the Civil Rights Act of 1966, 42 USC 1982, because they denied Plaintiffs the same right as is enjoyed by white citizens to purchase and lease property in Holiday Village.

**ANSWER: Defendants Holiday Village and Fitch deny as untrue the allegation that they violated 42 U.S.C. §1982 by denying Plaintiffs the same right as is enjoyed by white citizens to purchase and lease property in Holiday Village. Defendants Holiday Village and Fitch further answer that Defendant Timothy Griffin and Defendant Ray Griffin Jr. (a/k/a Ray Griffin III) are not, and never have been, agents of Defendant Holiday Village or Defendant Fitch. Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 33 with respect to any other Defendants because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.**

### Count IV – Intentional Infliction of Emotional Distress as Against All Defendants

37. Plaintiffs incorporate by reference Paragraphs 1 through 38 (sic – "1 through

36").

**ANSWER:** Defendants Holiday Village and Fitch incorporate herein by reference their Answers to the allegations of Paragraphs 1 through 36.

38. Defendants' conduct as outlined above was intentional.

**ANSWER:** Defendants Holiday Village and Fitch deny as untrue the allegation that they engaged in any intentional misconduct. Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 38 with respect to any other Defendants because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.

39. Defendants' conduct as outlined above was extreme, outrageous, and of such character as not to be tolerated by a civilized society.

**ANSWER:** Defendants Holiday Village and Fitch deny as untrue the allegations in Paragraph 39 as against Holiday Village and Fitch. Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 39 with respect to any other Defendants because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.

40. Defendants' conduct as outlined above was for the purpose of ridding Holiday Village of its only African American resident, Anthony Windle.

**ANSWER:** Defendants Holiday Village and Fitch deny as untrue the allegations in Paragraph 40 as against Holiday Village and Fitch. Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 40 with respect to any other Defendants because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.

41. Defendants' conduct resulted in severe and serious emotional distress.

**ANSWER:** Defendants Holiday Village and Fitch deny as untrue the allegations in Paragraph 41 as against Holiday Village and Fitch. Defendants Holiday Village and Fitch neither admit nor deny the allegations of Paragraph 41 with respect to any other Defendants because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.

42. As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged in the manner outlined above.

**ANSWER:** Defendants Holiday Village and Fitch deny as untrue the allegations in Paragraph 42 as against Holiday Village and Fitch. Defendants Holiday

> Village and Fitch neither admit nor deny the allegations of Paragraph 42 with respect to any other Defendants because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.

### Count V – Negligent Hire and Supervision as Against Holiday Village of Scottville, Inc. and Alice Fitch

43. Plaintiffs incorporate by reference Paragraphs 1 through 44 (sic – "1 through 42").

**ANSWER:** Defendants Holiday Village and Fitch incorporate herein by reference their Answers to the allegations of Paragraphs 1 through 42.

44. Alice Fitch and Holiday Village of Scottville, Inc. owed a duty to Plaintiffs to engage in real estate transactions that were free from unlawful discrimination, and to hire, train, and supervise their employees, agents and themselves to fulfill that duty. Alice Fitch and Holiday Village of Scottville, Inc. negligently violated that duty by discriminating against Plaintiffs and acquiescing in the discrimination by their agents or employees. Alice Fitch and Holiday Village of Scottville, Inc.'s violation of that duty was the result of negligence, including but not limited to:

    a. Negligent failure to train employees or agents regarding the requirements of state and federal fair housing laws;

    b. Negligent failure to hire persons who were familiar with the requirements of state and federal fair housing laws;

    c. Negligent failure to supervise employees or agents regarding compliance with the requirements of state and federal fair housing laws; and

    d. Negligent failure to discipline or terminate employees who failed to comply with the requirements of state and federal fair housing laws.

**ANSWER:** Defendants Holiday Village and Fitch deny as untrue the allegations in Paragraph 44.

45. Plaintiffs, as a direct and proximate result of Alice B. Fitch and Holiday Village of Scottville, Inc.'s negligent conduct, suffered humiliation, mental anguish, severe emotional

distress, and other special and general damages according to proof.

**ANSWER:** **Defendants Holiday Village and Fitch deny as untrue the allegations in Paragraph 45.**

### GENERAL DENIAL

Defendants Holiday Village and Fitch deny all allegations and/or legal conclusions contained in the Complaint that have not previously been specifically admitted, denied, or explained.

WHEREFORE, Defendants Holiday Village and Fitch request that the Court dismiss Plaintiffs' claims with prejudice, award Defendants their attorneys' fees and costs in defending this action, and order such further relief as the Court deems just.

### AFFIRMATIVE DEFENSES

Defendants Holiday Village and Fitch have not yet had the opportunity to engage in discovery or investigate this matter and therefore rely upon such of the following defenses as may prove applicable:

#### First Affirmative Defense

1. Plaintiffs' Complaint, in whole or part, fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense

2. Defendants Holiday Village and Fitch have, at all times, treated Plaintiffs in a fair and non-discriminatory manner and have legitimate business reasons for their actions.

#### Third Affirmative Defense

3. Plaintiffs' claims are barred, in whole or part, for failure to mitigate the alleged damages, if any.

#### Fourth Affirmative Defense

4. The proximate cause of Plaintiffs' injuries, if any, was not the conduct of Defendants Holiday Village and Fitch.

#### Fifth Affirmative Defense

5. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### Sixth Affirmative Defense

6. Plaintiffs' claims are barred, in whole or in part, by the applicable Statute of Frauds.

### Seventh Affirmative Defense

7. To the extent Plaintiffs are making allegations related to claims that occurred beyond the applicable statute of limitations, such allegations are time-barred.

### Eighth Affirmative Defense

8. Plaintiffs' claims are barred or limited because the conduct complained of resulted from Plaintiffs' own acts or omissions.

### Ninth Affirmative Defense

9. Plaintiffs' claims are barred or limited by virtue of Plaintiffs' failure to join necessary parties.

### Tenth Affirmative Defense

10. To the extent that Plaintiffs seek equitable relief against Defendants Holiday Village and Fitch, such relief is unavailable.

### Eleventh Affirmative Defense

11. To the extent that Plaintiffs seek equitable relief against Defendants Holiday Village and Fitch, Plaintiffs' claims are barred, in whole or part, by the doctrines of estoppel, laches, and unclean hands.

### Twelfth Affirmative Defense

12. Defendants Holiday Village and Fitch took no actions toward Plaintiffs or Plaintiffs' children on the basis of race or any other prohibited criteria.

### Thirteenth Affirmative Defense

13. Plaintiffs' Complaint is barred because Plaintiffs have failed to exhaust the applicable administrative remedies.

### Fourteenth Affirmative Defense

14. The actions of others intervened between Defendants Holiday Village and Fitch's acts and conduct and Plaintiffs' alleged damages, if any, thereby barring Plaintiffs from recovering damages from Defendants Holiday Village and Fitch.

### Fifteenth Affirmative Defense

15. Plaintiffs lacks standing for some or all of the causes of action plead and remedies sought against Defendants Holiday Village and Fitch.

### Sixteenth Affirmative Defense

16. Defendants Holiday Village and Fitch did not engage in any unlawful purpose or conduct.

### Seventeenth Affirmative Defense

17. Defendants Holiday Village and Fitch did not commit any tortious act.

### Eighteenth Affirmative Defense

18. Defendants Holiday Village and Fitch deny that Plaintiffs are entitled to punitive damages.

### RESERVATION OF RIGHT

Defendants Holiday Village and Fitch reserve the right to file such additional affirmative defenses and amended answers as become apparent during the course of discovery and as justice so requires.

Respectfully submitted,

DYKEMA GOSSETT PLLC

Date: May 30, 2008

By: _____
Daniel J. Martin (P67848)
William J. Perrone (P27591)
Attorneys for Holiday Village of Scottville, Inc. and Alice B. Fitch
300 Ottawa Avenue N.W., Suite 700
Grand Rapids, MI 49503
(616) 776-7500

GR01\109271.1
ID\DJM